IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| SIDNEY RENARD PARRISH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 624-052 |
| | ) | |
| GEORGIA STATE PATROL; THOMIS BOND; and STEPHEN SPIRES, | ) ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**

_____

Plaintiff has paid the $405.00 filing fee in the above-captioned case.[1] Because he is proceeding *pro se*, on September 5, 2024, the Court provided Plaintiff with some basic instructions, including information concerning his responsibility for serving Defendants in accordance with Federal Rule of Civil Procedure 4. (See doc. no. 3, p. 1.) Because Plaintiff is responsible for effecting service, the Court denied his "Motion Requesting Assistance with Service of Process," (doc. no. 2). (See id. at 1-2.) The Court explained Plaintiff's professed unfamiliarity with the rules regarding service provides no basis for the Court to shoulder the responsibility for service, and further, the Court directed the Clerk of Court to provide Plaintiff with a copy of Rule 4. (See id. (collecting cases); doc. no. 3-1.)

---

[1]Plaintiff, proceeding *in forma pauperis*, previously filed a case against these same three Defendants. Parrish v. Georgia State Patrol, CV 623-070 (S.D. Ga. Dec. 4, 2023). The Court screened that case pursuant to 28 U.S.C. § 1915(e)(2)(B), and it was dismissed for failure to state a federal claim upon which relief may be granted; any potential state law claims were dismissed without prejudice. Id. doc. nos. 6, 13.

Following entry of that September 5th Order, Plaintiff has filed three motions asking the Court, in one form or another, to assist with effecting service of process. (See doc. nos. 4, 5, 7.) Those requests were denied, explaining Plaintiff had not demonstrated any attempt to effect service of process without Court assistance, personal or otherwise. (Doc. no. 6, p. 2; doc. no. 8, p. 2.) As an example, the Court pointed out Plaintiff had not even attempted to request summons form the Clerk of Court, but the Court also pointed out Plaintiff had not described any attempt to effect service other than by a process server. (Doc. no. 8, pp. 2-3.)

As the Court has previously explained, because Plaintiff is not proceeding *in forma pauperis*, he is responsible for making sure service of process is properly effected, and therefore, he is not entitled to an order for service of process by the United States Marshal. See Fed. R. Civ. P. 4(c); cf. 28 U.S.C. 1915(d). Plaintiff's current financial situation does not relieve him of his responsibility for effecting service or excuse him from conformance with procedural rules. See Grant v. Romero, No. CV 112-107, 2013 WL 1743881, at *1 (S.D. Ga. Apr. 23, 2013) (Hall, J.) (citations omitted). Moreover, before considering whether to exercise discretion to direct service on behalf a plaintiff, "courts should determine whether a plaintiff has exhausted other reasonable means of effecting service privately." Id.

Here, the record does not reflect Plaintiff himself has made *any* attempts at service without Court assistance. While he has now requested and received summons, (doc. nos. 9, 10), he made his request on the same day he filed his current motion for Court assistance, meaning he did not actually utilize the summons for any service attempt. Moreover, despite Plaintiff's repeated protestations about cost, he has not shown any attempt to request Defendants waive formal service of process. Contrary to Plaintiff's assertion the Court is instructing Plaintiff to effect service of process in any particular manner, (doc. no. 11, pp. 3-

2

4), the Court simply observes Plaintiff has not shown he has attempted, let alone exhausted, any one of multiple ways Fed. R. Civ. P. 4 allows for effecting service.  Accordingly, the Court **DENIES** the latest request for assistance in effect service.  (Doc. no. 11.)

As with any litigant in federal court, Plaintiff "is subject to the relevant laws and rules of court, including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  Thus, he must follow the requirements of Fed. R. Civ. P. 4, which have been provided to him, (doc. no. 6-1), to effect service of process.  As previously explained, that service must be accomplished within ninety days of the filing of the complaint, which occurred on September 3, 2024.  As over three weeks remain in the service period, the request for an extension of time, (doc. no. 11, p. 4), is premature.

SO ORDERED this 8th day of November, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA