IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| SIDNEY RENARD PARRISH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 624-052 |
| | ) | |
| GEORGIA STATE PATROL; THOMIS BOND; and STEPHEN SPIRES, | ) ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**

_____

Plaintiff filed the above-captioned case *pro se* on September 3, 2024, and paid the full filing fee. (Doc. no. 1 & filing fee doc. entry dated Sept. 3, 2024.) Because he is proceeding *pro se*, the Court provided him with basic instructions regarding the development and progression of this case. (See doc. no. 3.) The Court explained Plaintiff is responsible for serving Defendants in accordance with Federal Rule of Civil Procedure 4 and directed the Clerk of Court to attach a copy of Rule 4 to the Court's instructions so that Plaintiff could determine the appropriate method of service for each Defendant. (Id. at 1.) The Court specifically informed Plaintiff, under Fed. R. Civ. P. 4(m), he had ninety days from the complaint filing to accomplish service and that failure to accomplish service could result in dismissal of individual Defendants or the entire case. (Id.)

Plaintiff filed several motions asking the Court, in one form or another, to assist with effecting service of process. (See doc. nos. 2, 4, 5, 7, 11.) Those requests were denied,

explaining Plaintiff had not demonstrated any attempt to effect service of process without Court assistance, personal or otherwise. (Doc. no. 3, pp. 1-2; doc. no. 6, p. 2; doc. no. 8, p. 2; doc. no. 12, pp. 2-3.) The Court pointed out that Plaintiff originally had not even attempted to request summons form the Clerk of Court, but also that Plaintiff had not described any attempt to effect service other than by a process server. (Doc. no. 8, pp. 2-3; doc. no. 12, pp. 2-3.) Now, the ninety days allowed for service has elapsed, and there is no evidence in the record that any Defendant has been served.

Rule 4(m) empowers courts with discretion to extend the time for service when a plaintiff demonstrates good cause for failing to timely serve process or any other circumstances warrant an extension of time. Henderson v. United States, 517 U.S. 654, 662-63 (1996); Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005). Accordingly, Plaintiff shall have fourteen days from the date of this Order to explain the reason(s) for the delay in service of process and why this case should not be dismissed without prejudice for failure to timely effect service. The Court **DIRECTS** the Clerk of Court to attach a copy of Rule 4(m) to this Order for Plaintiff's perusal.

SO ORDERED this 5th day of December, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA