IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| SIDNEY RENARD PARRISH, | * | |
| Plaintiff, | * | |
| v. | * | CV 624-052 |
| GEORGIA STATE PATROL; THOMIS BOND; and STEPHEN SPIRES, | * | |
| Defendants. | * | |

# O R D E R

On December 5, 2024, Plaintiff filed objections to the November 8, 2024 Order by the magistrate judge, (doc. 12), which denied the latest in Plaintiff's string of requests for assistance by the Court with effecting service of process. Plaintiff concedes he has not read the November 8th Order, and by his own admission, the current objections are untimely. (Doc. 14, p. 2.)

Under the Federal Rules of Civil Procedure, the district judge will modify or set aside the magistrate judge's order on a nondispositive matter only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); <u>see also</u> Loc. R. 72.2 (explaining objections to magistrate judge order must be made in accordance with Fed. R. Civ. P. 72(a)). Otherwise, the magistrate judge's ruling stands. "A ruling is clearly

erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, 'is left with a definite and firm conviction that a mistake has been made.'" Jackson v Deen, No. CV 412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citations omitted). A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law." Id. (citations omitted). Objections to a magistrate judge's order must be made within fourteen days after service, and a "party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a).

As Plaintiff's objections are untimely under Rule 72(a), the Court **OVERRULES** them on this ground alone.[1] See Woodard v. Adams, No. CV 619-120, 2020 WL 4905544, at *1 (S.D. Ga. Aug. 20, 2020). Even if the objections had been timely filed, or if the Court chose to use its discretion to review them, Plaintiff has not shown any basis for modifying or setting aside any part of the November 8th Order.

---

[1] Pretermitting any argument the untimeliness was caused by Plaintiff's relocation to Florida, which prevented Plaintiff from timely receiving his service copy of the November 8th Order, the record reflects he was specifically apprised of his responsibility to keep the Court apprised of any change of address. (Doc. 3, p. 3.) Plaintiff did not file his notice of a change of address until December 5, 2024. (Doc. 15.)

The objections continue to insist the magistrate judge, in refusing to authorize Court assistance with service, has improperly focused on payment of the filing fee without consideration of Plaintiff's current financial circumstances, which he maintains prevent him from hiring a process server. (See doc. 14.) Notably, however, Plaintiff ignores the magistrate judge's correct legal analysis that "Plaintiff's current financial situation does not relieve him of his responsibility for effecting service or excuse him from conformance with procedural rules. See Grant v. Romero, No. CV 112-107, 2013 WL 1743881, at *1 (S.D. Ga. Apr. 23, 2013) (citations omitted)." (Doc. 12, p. 2.) The magistrate judge also correctly recognized the Court's discretion to direct service on behalf of a plaintiff and appropriately considered whether Plaintiff here "exhausted other reasonable means of effecting service privately." (Id.) Plaintiff's repeated focus on his financial circumstances misses the point that he has not demonstrated any attempt at effecting service privately, including making a request that Defendants waive formal service of process.[2]  Thus, on the record before the

---

[2] As the "Motion To Inform The Court Of Latest Chemical Incident And Plaintiffs Temporary Relocation to Miami With The Intent to Increase Prayer For Relief & Request For Assistance With Service Of Process" again focuses solely on financial issues and issues extraneous to the matter at hand that service must be effected if the case is to proceed, it is **DENIED**. (Doc.

3

Court, Plaintiff is not entitled to Court assistance with service of process.

In sum, even if the objections had been timely submitted, the Court concludes the magistrate judge's ruling is not clearly erroneous or contrary to law, and the November 8th Order stands. See Fed. R. Civ. P. 72(a); Loc. R. 72.2; see also Staley v. Owens, 367 F. App'x 102, 104 n.1 (11th Cir. 2010) (per curiam).

In an abundance of caution, the Court extends Plaintiff's deadline set in the December 5, 2024 Order, (doc. 13), issued before Plaintiff's objections were docketed, to explain the reason(s) for the delay in service of process and why this case should not be dismissed without prejudice for failure to timely effect service. The deadline is extended through and including December 27, 2024.

**ORDER ENTERED** at Augusta, Georgia, this 9th day of December, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

17.) The "Motion to Resubmit Previous Motion After Amending Phot[o]s for Clarity" is **MOOT**. (Doc. 18.)