IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STAESBORO DIVISION

| | | |
|---|---|---|
| SIDNEY RENARD PARRISH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 624-052 |
| | ) | |
| GEORGIA STATE PATROL; THOMIS BOND; and STEPHEN SPIRES, | ) ) | |
| | ) | |
| Defendants. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff has paid the $405.00 filing fee in the above-captioned case concerning a series of traffic infractions, arrests, and resultant consequences for Plaintiff.[1] Because he is proceeding *pro se*, on September 5, 2024, the Court provided Plaintiff with some basic instructions, including information concerning his responsibility for serving Defendants in accordance with Federal Rule of Civil Procedure 4. (See doc. no. 3, p. 1.) Because Plaintiff

---

[1] Plaintiff, proceeding *in forma pauperis*, previously filed a case against these same three Defendants. Parrish v. Georgia State Patrol, CV 623-070 (S.D. Ga. Dec. 4, 2023). The Court screened that case pursuant to 28 U.S.C. § 1915(e)(2)(B), and it was dismissed for failure to state a federal claim upon which relief may be granted; any potential state law claims were dismissed without prejudice. Parrish, CV 623-070, 2023 WL 8816394 (S.D. Ga. Dec. 20, 2023), *adopted by* 2024 WL 628447 (S.D. Ga. Feb. 14, 2024). In particular, the Court found the Georgia State Patrol, an agency of the state, had immunity against Plaintiff's § 1983 claims; the official capacity claims against Officers Bond and Spires were barred by the Eleventh Amendment; and any substantive claims based on lack of probable cause to effectuate a traffic stop, an allegation of malicious prosecution, or other alleged irregularities with on-going state criminal proceedings were barred or should not be addressed by the federal court while state proceedings were ongoing. See id. Plaintiff returned to federal court approximately seven months later to file the instant case, this time paying the full filing fee and thereby avoiding screening under § 1915(e)(2)(B), against the same three Defendants.

is responsible for effecting service, the Court denied his "Motion Requesting Assistance with Service of Process." (See id. at 1-2.) The Court explained Plaintiff's professed unfamiliarity with the rules regarding service provides no basis for the Court to shoulder the responsibility for service, and further, the Court directed the Clerk of Court to provide Plaintiff with a copy of Rule 4. (See id. (collecting cases); doc. no. 3-1; see also doc. no. 6-1.)

Following entry of that September 5th Order, Plaintiff filed no less than four motions asking the Court, in one form or another, to assist with effecting service of process. (See doc. nos. 4, 5, 7, 11.) Those requests were denied, explaining Plaintiff had not demonstrated any attempt to effect service of process without Court assistance, personal or otherwise. (Doc. no. 6, p. 2; doc. no. 8, p. 2; doc. no. 12, pp. 2-3.) As an example, the Court pointed out Plaintiff had not even attempted to request summons form the Clerk of Court, but the Court also pointed out Plaintiff had not described any attempt to effect service other than by a process server. (Doc. no. 8, pp. 2-3.) On December 5, 2024, the Court entered an order directing Plaintiff to show cause within fourteen days why this case should not be dismissed for failure to timely effect service. (Doc. no. 13.) When Plaintiff's untimely objections to the denial of the fourth motion for assistance with service, (doc. no. 14), arrived after entry of the December 5th show cause order, United States District Judge J. Randal Hall overruled the objections and extended the deadline to respond to the show cause order through and including December 27, 2024, (doc. no. 19).

Plaintiff's response to the show cause order asks for an unspecified extension of time to complete service under provisions of Fed. R. Civ. P. 4 that he concedes he was aware of when he filed the case on September 3rd. (Doc. no. 22, p. 1.) There is no information in that response that Plaintiff has made *any* attempt to effect service of process during the months

2

this case has been pending, despite the multiple times the Court has explained Plaintiff's current financial situation does not relieve him of his responsibility for effecting service or excuse him from conformance with procedural rules. (See, e.g., doc. no. 19, p. 3 (citing doc. no. 12, p. 2 and Grant v. Romero, No. CV 112-107, 2013 WL 1743881, at *1 (S.D. Ga. Apr. 23, 2013) (Hall, J.) (citations omitted)).)

As described above, the Court specifically informed Plaintiff multiple times, under Fed. R. Civ. P. 4(m), he had ninety days from the complaint filing to accomplish service and that failure to accomplish service could result in dismissal of individual defendants or the entire case. When the ninety days for effecting service under Fed. R. Civ. P. 4(m) expired and there was no evidence any Defendant had been served, the Court entered an Order directing Plaintiff to show cause why this case should not be dismissed without prejudice for failure to timely effect service. (Doc. no. 13.) Judge Hall overruled Plaintiff's objections to the determination Plaintiff had not shown the Court should effect service of process for him. (Doc. no. 19.)

Plaintiff now asks for another extension of time to obtain assistance from the United States Marshal to effect service of process for which he will pay. (Doc. no. 22.) Rule 4(m) empowers courts with discretion to extend the time for service when a plaintiff demonstrates good cause for failing to timely serve process or any other circumstances warrant an extension of time. Henderson v. United States, 517 U.S. 654, 662-63 (1996); Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007); Horenkamp v. Van Winkle and Co., 402 F.3d 1129, 1132 (11th Cir. 2005). Here, Plaintiff has not shown good cause for failing to timely effect service, and the Court finds that no other circumstances warrant further extension of the service period. Plaintiff merely asks for

another extension of time to comply with the expired service deadline, and he offers no concrete details to show he has taken even the first steps toward finding out how long it would take to accomplish this belated plan for service.

The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to Rule 4(m), 1993 Amd.). The record does not give any indication that any Defendant may be attempting to evade service.

Nor does it appear, based on the dates of the alleged improper arrests occurring in 2023, and other subsequent traffic infractions post-dating those arrests, all of Plaintiff's claims would be time barred by the dismissal, particularly if any of Plaintiff's underlying criminal proceedings were to be overturned in any state, post-conviction proceedings. Additionally, Plaintiff may choose to use the state courts to pursue any potentially viable state law claims he believes he may have. Finally, he responsibility for effecting service stands firmly with Plaintiff. Kammona v. Onteco Corp., 587 F. App'x 575, 578 (11th Cir. 2014) (*per curiam*) (citing Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (*per curiam*)). The Court has repeatedly explained Plaintiff's service responsibilities to him, and he in turn has repeatedly flaunted the Court's orders with his contumacious behavior of simply filing, and re-filing, the same requests to have service effected for him without making any effort to comply with – or in some cases even read – the Court's instructions.[2] A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply

---

[2]Plaintiff admitted in his objections to the Court's November 8, 2024 Order that he "has not had a chance to read this latest denial" of his request for assistance with service. (Doc. no. 14, p. 2.)

4

with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").[3]

In sum, Plaintiff commenced this case well over ninety days ago, and he has already been given the benefit of an extended time period for effecting service. The Court has warned Plaintiff more than once that failure to effect service would lead to dismissal of individual defendants or the entire case. Accordingly, the Court **REPORTS** and **RECOMMENDS** the motion for a further extension of time to effect service via the United States Marshal be **DENIED**, (doc. no. 22), and this case be **DISMISSED** without prejudice for failure to timely effect service on any Defendant, as well as failure to follow court orders. See Charles v. Bradshaw, 782 F. App'x 991, 992 (11th Cir. 2019) (*per curiam*); Eades, 298 F. App'x at 863; Fed. R. Civ. P. 41(b).

SO REPORTED and RECOMMENDED this 10th day of January, 2025, at Augusta, Georgia.

/s/ Brian K. Epps
_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] Additionally, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(b) & (c).