IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| SIDNEY RENARD PARRISH, | * | |
| Plaintiff, | * | |
| v. | * | CV 624-052 |
| GEORGIA STATE PATROL, et al., | * | |
| Defendants. | * | |

ORDER

Before the Court are Plaintiff's motion to reopen this case due to excusable neglect and Plaintiff's motions for status updates. (Docs. 28, 32, 33.) For the following reasons, Plaintiff's motion to reopen is **DENIED** and Plaintiff's motions for status updates are **DENIED AS MOOT**.

On January 10, 2025, the Magistrate Judge issued a Report and Recommendation (the "R&R") recommending this case be dismissed for failure to timely effect service and failure to follow court orders. (Doc. 23, at 5.) On January 28, 2025, Plaintiff filed an objection to the R&R, explaining why he failed to effectuate service. (Doc. 25.) On January 29, 2025, the Court adopted the R&R, overruled Plaintiff's objections, and dismissed this case without prejudice. (Doc. 26.) On February 10, 2025, Plaintiff filed a motion to reopen the case due to excusable neglect. (Doc. 28.) Plaintiff has since filed two motions requesting a status

update on his motion to reopen the case. (Docs. 32, 33.) Because this Order disposes of Plaintiff's motion to reopen the case, Plaintiff's motions requesting status updates on the motion (Docs. 32, 33) are **DENIED AS MOOT**.

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because such remedy "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for

2

reconsideration when plaintiff failed to submit relevant evidence prior to entry of original order and failed to show good cause for the omission). Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citation omitted). And, ultimately, "the decision to grant a motion for reconsideration is committed to the sound discretion of the district judge." Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (citation and internal quotation marks omitted).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. Brown v. Synovus Fin. Corp., 783 F. App'x 923, 931 (11th Cir. 2019) (citation omitted). "Rule 59(e) applies to motions for reconsideration of matters that are encompassed in a decision on the merits of the dispute," while "Rule 60 applies to motions for reconsideration of matters collateral to the merits." Id.

Though Plaintiff's motion does not specify whether it is brought under Rule 59 or Rule 60, he cites "excusable neglect" as the grounds for reconsideration, and his subsequent requests for status updates indicate the motion is brought pursuant to Rule 60. (See Doc. 32; Doc. 33.) Moreover, the Court dismissed Plaintiff's case not on the merits, but for failure to timely effect service and failure to follow court orders. (Doc. 23, at 5.) As such,

3

the Court analyzes this motion under Federal Rule of Civil Procedure 60(b).[1]

Rule 60(b) "allows for relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment." Marsh v. Dep't of Child. & Fams., 259 F. App'x 201, 205 (11th Cir. 2007) (citing FED. R. CIV. P. 60(b)) (internal quotation marks omitted). "Motions under [Rule 60(b)] are directed to the sound discretion of the district court." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).

Petitioner provides nothing to show any of the above-stated reasons have been satisfied. Although he contends his failure to properly serve the Defendants constituted "excusable neglect," he points only to hardships already known to the Court prior to its January 29, 2025 Order and his own misunderstanding as to how the Court would proceed. (Doc. 28, at 1-2.) Plaintiff provides no new information to justify the Court reconsidering its prior

---

[1] Notably, because Plaintiff's motion invokes excusable neglect as grounds for reconsideration, analyzing it under Rule 59 would not change the Court's conclusion. See Schiefer v. United States, No. CV206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007) (citations omitted) (providing that reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.").

4

decision. Therefore, Plaintiff's motion to reopen this case (Doc. 28) is **DENIED**. This case stands **CLOSED**.[2]

**ORDER ENTERED** at Augusta, Georgia, this 17th day of June, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Because Plaintiff's amotion to correct deficiency in his appeal is already docketed in his appeal the motion is **DENIED AS MOOT**. (Doc. 35.)